UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ROBERT HANKINS,

                              Plaintiff,

           -against-

Police Officer SEAN NURSE, Shield No. 12094; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.  Plaintiff demands a trial by jury in this action.

## PARTIES

6.  Plaintiff Robert Hankins ("plaintiff" or "Mr. Hankins") is a resident of Kings County in the City and State of New York.

7.  Defendant Police Officer Sean Nurse, Shield No. 12094 ("Nurse"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Nurse is sued in his individual and official capacities.

8.  At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.  At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.  At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 2:30 p.m. on April 2, 2013, plaintiff was lawfully present on Herkimer Street between Nostrand Avenue and New York Avenue in Brooklyn, New York.

12. Without reasonable suspicion to believe plaintiff had committed any crime or offense, the defendants stopped and searched him.

13. Mr. Hankins had nothing illegal on his person.

14. There were mints in one of plaintiff's pants pockets.

15. When the officers found the mints, they handcuffed Mr. Hankins.

16. Mr. Hankins explained to the officers that what they had found were mints and not drugs and asked the officers look at and smell them to confirm.

17. The officers refused to do so.

18. Instead, they falsely arrested Mr. Hankins for possession of the mints.

19. Mr. Hankins was taken to the 79th Precinct.

20. At the precinct, Mr. Hankins continued to explain to the officers that they were arresting him for mints.

21. Meanwhile, the officers prepared false paperwork stating that they had observed plaintiff in possession of MDMA, a controlled substance. The officers forwarded this false information to prosecutors in the Kings County District Attorney's Office.

22. After being held in the precinct overnight, plaintiff was taken to Brooklyn Central Booking.

23. After spending approximately 30 hours in custody, plaintiff was arraigned in Kings County Criminal Court and released on his own recognizance.

24. Plaintiff was compelled to return to Court several times to defend against the false charges.

25. On motion of the District Attorney, the charges were dismissed on or about October 3, 2013.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
**Unlawful Stop and Search**

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The individual defendants created false evidence against plaintiff.

39. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

40. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

44. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:  November 26, 2013
        New York, New York

                                HARVIS WRIGHT & FETT LLP

                                _____
                                Gabriel Harvis
                                305 Broadway, 14th Floor
                                New York, New York 10007
                                (212) 323-6880
                                gharvis@hwandf.com

                                *Attorneys for plaintiff*